Illinois Appellate Court First District, the First Division of the First District, to hear the case of People of the State of Illinois v. Du Bois Turner, T-U-R-N-E-R, Cases 1-19-1503. My name is Terrence Labb and I'll be presiding today along with my colleagues Justice Aurelia Paczynski and Justice Mary Ellen Coghlan. We're all familiar with the briefs and a record in this case and want to hear your oral argument. We're looking for about 15 minutes, maybe a little bit more a piece. If we unduly burden you with questions, we'll give you some more time. But let's go ahead and proceed with the appellant. Good afternoon, your honors. My name is Adrienne Sloan. I'm with the Office of the State Appellate Defender on behalf of Du Bois Turner and I'm here to present the case of People of the State of Illinois v. Du Bois Turner, T-U-R-N-E-R, Cases 1-19-1503. My name is Adrienne Sloan. I'm with the Office of the State  Sloan. I'm with the Office of the State Appellate Defender on behalf of Du Bois Turner, T-U-R-N-E-R, is a rebuttable presumtion and, in this case, the notion that counsel compliant was affirmatively rebutted. DuBois claim that counsel failed to withdraw if he testify on his own defense depended on outside record support because it involved an alleged outside record conversation. Thus, at the very least, counsel should have obtained an affidavit from DuBois himself explaining the circumstances of his discussion with trial counsel, wherein trial counsel threatened to withdraw if DuBois testified. PC counsel did not do so. Not only did counsel fail to add outside record support, but he did not amend DuBois' petition to add a legally required element. It's well established that a defendant's claim that he was prevented from testifying requires the defendant to state what the testimony would have been. There's simply no reason in this case for counsel to not have obtained an affidavit from his client explaining when and how counsel threatened to withdraw and what DuBois wished to testify to. This is especially true where counsel affirmatively argued this point at the motion hearing, which indicates that he believed it potentially meritorious. Counsel did not, in this case, simply stand on DuBois' petition. He argued at the hearing on the state's motion to dismiss that an evidentiary hearing was needed because there were outside threats and intimidation that led to outside record threats and intimidation that led to DuBois giving up his constitutional right to testify. An affidavit explaining this situation was vital to the success of this claim, and counsel's failure to obtain one to support the argument that he advanced at Rule 651C. Okay, let's look at this first issue, the defendant's right to testify. His petition, the pro se petition, argued that trial counsel, and I'm using his word, quote, interfered, close quote, with his decision to testify by telling him that counsel would not represent him if he made that decision. Isn't, you know, intimidation one way to interfere with the defendant's right to testify? It seems to me you're just splitting hairs here by calling this a new claim. Well, irrespective of whether it's a new claim or whether it's an extension of the existing claim, the form that it was left in by post-conviction counsel meant that it was doomed to fail. It was legally insufficient. Because counsel didn't amend the claim to add an affidavit from DeVoy explaining how and when that happened, explaining that intimidation, and because counsel did not explain what DeVoy would have testified to, the circuit court was left without any way to actually advance the petition. And the most egregious... Counsel, in your brief, you assert that, where do I have proof of that? This is the court. Where is there a showing? And counsel replied, this is the defense counsel. Well, it's inferred, Judge, in the sense that in his pleadings, he said he was prudently asked his lawyer to testify. His lawyer continued to shoot him down. So doesn't that kind of rely your argument? Well, no, because... He explained what he was talking about to the judge. Well, even though he did explain it on the record, 651c requires that he amend the petition to explain what happened. And also, the most important part is 651c, excuse me, for this claim to be successful, there needs to have been an affidavit from DeVoy. And counsel did not obtain one. There's simply no reason for counsel to not obtain one, particularly where he advanced this argument at the motion hearing. He didn't simply stand on the petition. He argued that there should be a third stage evidentiary hearing, but by not getting an affidavit, there was no way for the court to advance this. The person asking for a third stage evidentiary hearing confessed to being involved in this horrific incident with his girlfriend when he was there. There's plenty of evidence here. There's no shortage of evidence here that he was involved. He was photographed going into the building, giving a phony name to enter. And all of the testimony of his girlfriend, Ms. Nelson, implicated him. I mean, where are you going with this? This is overwhelming evidence of his involvement. And to say that somebody needed to prepare an affidavit for him in order to overcome this rebuttable presumption seems ludicrous to me. Your Honor, under People v. Suarez, the Illinois Supreme Court held that when 651C compliance is rebutted, then we don't have to look at prejudice. When counsel's performance were unreasonable, we don't have to go to prejudice. That said, in this case, Du Bois' conviction was based in large part on testimony from his girlfriend who, number one, was testifying in contemplation of her own plea deal. Number two, it was well established that she had a history of stealing from the decedent and that she was a drug addict at the time of this offense. It could have been helpful for Du Bois to have the opportunity to tell his side of the story, to exercise his constitutional right to testify. Again, we don't have to look at prejudice at this stage under People v. Suarez, but certainly it's not belied by the record that there's nothing Du Bois could have said that could have helped him. It's not like the trial court didn't spend time talking to the defendant to make sure that he was involved in this decision to not testify. That's all over the record, right? Well, that's precisely the problem with counsel's failure to amend the petition. The allegation necessarily must be that even though Du Bois was admonished on the record and gave up his right to testify, he was doing so because of where he explained this conversation, where he stated what his testimony would have been. Another thing that I do... You are assuming without any factual support whatsoever that this affidavit would have been helpful to the defendant. Well, I'm not assuming it with no information whatsoever. I'm assuming it because the fact that post-conviction counsel did argue on the record that an evidentiary hearing was warranted, that means that post-conviction counsel saw merit to this. Isn't post-conviction counsel always? I mean, that's part of their job, isn't it? Well, in certain cases... Have you ever known of a lawyer to get up there and say, Judge, a hearing is not warranted in this case? Well, there are a number of cases where in what post-conviction counsel does is simply stand on a defective petition. And this issue is before the Supreme Court and people have eyes to whether standing on the defective petition is essentially the same thing as withdrawing as counsel. The issue is that's not what happened here. He didn't simply stand on the petition because he thought the claims had no merit. He's asking the court for an evidentiary hearing, which means he's telling them that he believes that this claim does have merit. If he's doing so, there's no reason that he shouldn't... He has a duty to shape the claims into proper legal forms so that this evidentiary hearing is possible. For counsel to affirmatively argue on the record in favor of an evidentiary hearing, when in actuality, he doesn't believe that one is warranted, that would be violating the ethical duty of candor to the tribunal. He's not simply standing on the petition. He's not... Excuse me, Ms. Sloan, do you have any case that supports what you've just argued to us? Well, I suppose, I mean, as for the ethical duty of candor to the tribunal, that's sort of implied. If he's saying something to the trial court, we should assume that what he's saying is true. And there are cases, you know, like a People v. Guest wherein the court has found that because the attorney simply stands on the defective petition, he might believe that there's no potential merit to the claims. But if you're looking at that in the converse, where the attorney is advancing on the record, the claim, this shows that he should have amended it. I would also point to People v. Turner, wherein the Illinois Supreme Court held that counsel's performance was unreasonable under very similar circumstances. In that case, defense counsel did argue on the record that defendant's claims were based on outside record evidence, but counsel failed to include an affidavit from the petitioner himself explaining what happened on the record. And the court held that this demonstrates, because he argued that defendant was entitled to an evidentiary hearing, but failed to add vital elements to the claim, the court held that this demonstrates that counsel was ignorant of one of most basic principles of post-conviction proceedings. That the same is true here. If he's going to argue, if counsel's going to argue in favor of an evidentiary hearing, it's unreasonable performance for his inaction to mean that there's no way for this hearing to be granted. This court should- Okay, let's move on to another issue. You talk in your brief at some length, understandably, about the argument that the post-conviction counsel did not create a record of any investigation that was performed to support the defendant's position. And you cite a case, People v. Jackson. Why don't you give us your take on that? Yes. So, People v. Jackson is instructive regarding the additional claims made by DeVoy, which was that the claim, the uncalled witness claim and the plea bargain claims. Of course, counsel did not amend these claims to clarify them. So, we now have an empty record where it cannot be ascertained for certain whether supporting evidence was available. But as the court stated in Jackson, the emptiness of the proceedings is the only way to ensure that DeVoy receives the benefit of counsel who will make the legally required amendments and additions to his petition. Simple question in that regard, specifically. Doesn't that, you know, outright defeat the purpose of the rebuttable presumption in 2615C that's written right into the rule? Well, I think that if you ignore Jackson, the result is equally egregious, which would be that any time that counsel doesn't do anything when he's appointed for second stage proceedings, there's no recourse for a defendant to say that that's unreasonable because we're automatically assuming. Well, look, I think it's unreasonable for you to suggest that post-conviction counsel did nothing here. Come on. Well, post-conviction. Just because they didn't amend, just because a post-conviction counsel doesn't amend the pro se's affidavit and plea here, it doesn't mean that nothing was done. You know, maybe when talking to the defendant, counsel decided that some of the information wasn't all that helpful. Well, 651C states that counsel needs to make all legally required amendments to petition. It's, it's proven by the record that he didn't do that here because he, a claim, a claim can't succeed without an affidavit from DeVoy at this stage. So, even taking away the uncalled witness claim or the plea bargain claim where it's unclear on the record whether counsel could have done something, the most important point in this case is that DeVoy made the claim that his attorney prevented him from testifying and counsel not only stood on this legally defective claim, but made affirmative arguments in further events, in furtherance of it at the motion hearing. This is exactly what happened in Turner where the Supreme Court held. This shows that he's ignorant of how post-conviction proceedings work. You can't make, you can't attempt to advance a petition on a record, on the record and have that claim advanced where you amend a legally defective pro se petition, where you didn't add the legally required affidavit to a defective pro se petition. Because of this, because counsel did argue on the record that third stage evidentiary hearing was required, we should presume that he believed this claim had merit and because the claim had merit, there's no reason not to amend the petition and add at least an affidavit from DeVoy that he could have obtained and that was vital to the claim. What is there in the record that would suggest that anybody would believe that it would have helped this defendant to testify given what he admitted to in the interview with police, given the evidence that they had of him being right there with Ms. Nelson at the facility where this man lived, given all that? Go ahead. Sorry, excuse me. I believe, I believe that what there is in the record to show that counsel believed this claim to have merit is that counsel stated on the record, judge, the only way to get to the bottom of this issue is by advancing this for a third stage evidence hearing, showing that he believed that the outcome of the trial could have been different if DeVoy testified. If he didn't believe this claim to have merit, he could have done what counsel did in a people-be-guessed situation and simply stood on the defective petition or he could have withdrawn, but here he's, he's advancing it and so we, I think we must presume that he believes that he believes it's a potentially meritorious argument because otherwise there's no reason to defend the argument. Counsel's failure here to take an appropriate, available action to support a claim that he affirmatively advanced at the motion hearing simply rebuts the presumption that he complied with 651c. Okay, let's hear from the state. Thank you. Thank you, your honor. I disagree with this idea that counsel didn't do anything. We know from the certificate, which basically tracks the language of the rule, counsel did everything he was supposed to. He sat in open court, he reviewed the trial transcripts, he talked to petitioner about the claims by phone and by mail. You know, we can't say just because counsel says let's have a hearing that he believes there's something to this. Attorneys say that all the time. He's doing the best with what he has and in any case, if he thought this claim had merit, he was wrong. The claim about the right to testify is completely foreclosed by the Jones and Greer line of cases, which say when a defendant's claiming he waived a right based on some threats or promises or coercion, if he's asked about that during the waiver colloquy and he tells the judge no, I wasn't threatened or promised or anything like that, that forecloses the claim under Jones and Greer because we take those in court responses seriously and they're not just an empty formality. And so what Greer says is where the claim is foreclosed in this way, it's actually frivolous and patently without merit and the counsel has no obligation to litigate it at all. So counsel, there was no obligation to provide reasonable assistance with respect to that claim. It was frivolous. So even if counsel thought it had merit, he was wrong and there was no right to anything there. That claim is also foreclosed by the Gaston Johnson line of cases, which say in the ordinary case, if there are no affidavits, including from the client himself, you presume that counsel looked for them and just there was nothing to say. This is that ordinary case. We've got the 651C, we've got counsel on the record saying he talked to the petitioner. So the presumption kicks in. So we don't say we don't know. We say, no, we do know there's a presumption and it's not been rebutted here. And there's nothing unusual about presuming attorney competence. We do it even in the context of a criminal trial where the right to counsel is much broader than it is here. So that claim is barred by the presumption that if the affidavits aren't there, they weren't available. And it's also barred by the idea that the claims rebutted by the record, it's frivolous. There's no obligation for counsel to even litigate it at all. Well, let's talk about this Jackson issue because it seems to me, and both sides talk about it, it seems to me that if we were to follow Jackson, you wouldn't be all that happy about it. Well, we have argued that it's wrongly decided because it does ignore the presumptions that are in play. The presumption wasn't rebutted in Jackson. So what should have happened is the petitioner should have lost. But even if the court wants to apply Jackson, this petitioner is not entitled to relief. Jackson says at paragraph 43, when alleging a lack of reasonable assistance for failure to include supporting information, a defendant must allege what additional information should have been included by counsel. And so we pointed out in our brief, nothing stopping petitioner from doing that here. Counsel can talk to the petitioner and say in the brief, even though it's not in the record, here's what this evidence was. So we know there's something to this. And that's what petitioner has to do if he wants to prevail under Jackson. But even in the reply, there's no specifics. All he says is that, well, counsel could have submitted an affidavit from me, but there's no hint as to what he might have said. And then he says, oh, maybe there were witnesses, but no hint as to who they were or what they could have said. So this is a far cry from Jackson. We don't even have specifics. In Jackson, there was physical evidence that indisputably existed. It was the clothing the defendant was arrested in and arrest photos taken of him in that clothing. So there was no dispute that this evidence was real. It's just a question of whether counsel could have gotten it. Here, we don't have any specifics as to any evidence that we know existed. Even in reply, we don't get the specifics. And so we'd argue Jackson is wrong because it ignores the presumption. But even if the court wants to file it, this petitioner can't get relief because we still don't know what the specifics are. Counsel, we don't know what the specifics are because post-conviction counsel didn't get an affidavit for him identifying the specifics. So you've skipped a step. You've appealed on the dismissal, but you haven't talked about what post-conviction counsel should have done, which is what Ms. Sloan is saying. The court identified things that were missing. The motion to dismiss identified things that were missing. So counsel had a heads up here. This stuff is missing and should have known anyhow. I need affidavits from the defendant about the witnesses you might have called, what he would have said, what the attorney said, when he said it, where they were when he said it. None of that. None of that is on the record. That's all outside of the trial record. So it couldn't have been in the trial record. It has to be in a post-conviction petition. That's true. It would be extra record. And that's where the presumptions kick in. We presume the lack of affidavits means there was no evidence available. We presume counsel conferred with the client and he didn't want to go on the record. And again, there was no right to reasonable assistance on this particular claim because it was rebutted by petitioner's own statements during the waiver colloquy. It was frivolous. There was no obligation for counsel to do anything with this whatsoever. So the fact that he didn't take it out of the petition or the fact that he made some general comments like, let's advance it, doesn't matter. He was wrong in saying that it was frivolous and petitioner had no right to have counsel do anything with respect to that claim. And again, I would say, you know, if he wants relief under Jackson, I think this evidence could have been, you know, represented in these briefs. Counsel can say, you know, as an officer of the court, I talked to my client and he said, you know, he told his attorney, run down these three specific witnesses. Here's what they would have said. That's the kind of representation he has to make if he wants relief under Jackson. And we don't have any specifics like that here. Okay. Let's hear a rebuttal or did you have something to add? That's all right. Thank you. All right. Rebuttal. Yes. Just a couple of points. I would, first of all state, I cannot add evidence to the record on appeal at this stage. This court has repeatedly held that matters not considered by the circuit court can't be added and considered by the reviewing court. Supreme court rules say that it's just simply not proper at this stage. I would also note again, yeah, we don't, we don't know whether counsel, whether counsel was right or wrong as to whether this claim had merit because he didn't add outside record evidence necessary to the claim. And again, people, we Turner does explain that when you argue a claim that's based on outside record evidence at the motion hearing, and you don't add that outside record evidence to a petition, that's unreasonable assistance of council. I would dispute the notion that council simply made general comments. He stated that outside of the record, DeVoy was intimidated by his counsel, which contributed to him giving up his right to testify. At this point, there's no reason for him not to have added an affidavit. Explain that to explain that he told the trial court that an there was no reason not to take the appropriate actions such that that would have been possible. If there are no other questions, I would just ask that this court reverse the dismissal dismissal of DeVoy's post conviction petition at the second stage and remand for further PC proceedings with the reasonable assistance of counsel. Thank you. Okay. On behalf of my colleagues, I'd like to as usual, you represent your office very well. The briefs were well done and argument was very cogent. We appreciate it. We'll take the matter under consideration and come back to you with an opinion or an order in due course. We are adjourned.